IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALISA WALSH                                                                PLAINTIFF

vs.                              Civil No. 6:11-cv-06033

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Alisa Walsh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T.

Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends the ALJ's determination be **REVERSED and REMANDED.**

## 1. Background:

Plaintiff filed her applications for DIB and SSI on March 21, 2007.  (Tr. 141-148).[1]  Plaintiff

alleged she was disabled due to depression, anxiety, hypertension, and chronic pain.  (Tr. 179).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff alleged an onset date of December 1, 2004. (Tr. 179).[2] These applications were denied initially and again on reconsideration. (Tr. 98-103, 106-109).

On March 28, 2008, Plaintiff requested an administrative hearing on her applications. (Tr. 113-114). This hearing request was granted, and an administrative hearing was held on August 27, 2009 in Hot Springs, Arkansas. (Tr. 39-93). Plaintiff was present and was represented by counsel, James Ammel, at this hearing. *See id.* Plaintiff, Plaintiff's witness Alice Lowery, and Vocational Expert ("VE")Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had high school education with some college. (Tr. 44-45).

On October 2, 2009, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI. (Tr. 19-37). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 5, 2005. (Tr. 21, Finding 2). The ALJ determined Plaintiff had the severe impairments of obesity, inflammatory arthritis, sleep apnea, anxiety, and depression. (Tr. 21, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23-35, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 24-25).

_____

[2]Plaintiff's counsel amended the onset date to June 5, 2005 at the hearing. Tr. 44.

2

Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of sedentary work.  (Tr. 23).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 35-36, Finding 6).  The VE testified at the administrative hearing regarding Plaintiff's PRW.  (Tr. 86).  The VE testified that Plaintiff's PRW included work as a Licensed Practical Nurse. *See id.*  The ALJ found Plaintiff could not perform this PRW.  (Tr. 35, Finding 6).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 36-37, Finding 10).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a compact assembler with approximately 8,000 such jobs in the region and 220,000 such jobs in the nation, press operator with approximately 5,000 such jobs in the region and 150,000 such jobs in the nation, and order clerk with approximately 12,000 such jobs in the region and 210,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 5, 2005 through the date of the ALJ's decision. (Tr. 37, Finding 11).

On November 27, 2009, Plaintiff requested that the Appeals Council review the ALJ's decision.  (Tr. 12-13).[3]  *See* 20 C.F.R. § 404.968.  On March 29, 2011, the Appeals Council declined

---

[3]According to Plaintiff, while seeking review of the ALJ's decision denying her benefits, Plaintiff filed new applications in early 2011, claiming a disability onset of October 3, 2009, which was one day subsequent to the ALJ decision in this matter. On September 5, 2011, Plaintiff received a fully favorable decision, which Plaintiff argues was based upon in large part evidence that was presented to the ALJ and the Appeals Council during her initial claim.

to review the ALJ's decision.  (Tr. 1-7).  On May 10, 2011, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 12, 15.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred by failing to give the proper weight to Plaintiff's treating physician opinions. ECF No. 12, Pages 10-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See*

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox,* 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform the full range of sedentary work. (Tr. 23). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physicians. ECF No. 12, Pgs. 10-17. Defendant argues the ALJ gave proper weight to the medical source opinions and properly assessed Plaintiff's RFC. ECF No. 15, Pgs, 4-10.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and

SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based on depression, anxiety, hypertension, and chronic pain.  (Tr. 179).  Plaintiff relies on the opinions of Dr. Janette McGaugh and Dr. Absalom Tilley.  The ALJ discounted the opinions of both these treating physicians.

On September 2, 2009, a Mental RFC Assessment was prepared regarding Plaintiff.  (Tr. 683-684).  The initial reason given by the ALJ for rejecting the Mental RFC Assessment of Dr. McGauagh was a determination by the ALJ that the report was authored and signed by counselor, Jennifer Embry, who the ALJ found to be an unacceptable medical source.  (Tr. 34).  This finding appears to be in error as Dr. McGaugh's signature appears alongside Ms. Embry's on the final page of the Mental RFC Assessment.  (Tr. 684).

The ALJ also rejected the Mental RFC Assessment because Ms. Embry did not give specific reasons for assigning such extreme limitations regarding the Plaintiff's mental abilities.  (Tr. 33-34).  The ALJ's conclusion is not supported by the evidence as the medical records from Community Counseling Services ("CCS") show otherwise.  The records from CCS include an initial psychiatric evaluation and records of therapy from September 18, 2007 through October 30, 2007.  (Tr. 427-444).  These records, which were prepared primarily by Dr. McGaugh and Ms. Embry, also show continuing and ongoing treatment of Plaintiff from November 3, 2008 through August 3, 2009, which was just prior to the administrative hearing.  (Tr. 634-653).

Additional medical evidence is also supportive of the Mental RFC Assessment.  On July 21,

7

2008, Plaintiff was admitted for two weeks at the Levi Hospital Psychiatric Services after experiencing suicidal thoughts and making threats to harm herself and her mother. (Tr. 499-514). Plaintiff was also admitted for four days to the Hot Spring County Medical Center on January 19, 2009, after a psychiatric evaluation revealed suicidal thoughts. (Tr. 564-571). This same evidence was relied upon in the decision where Plaintiff received a fully favorable decision on September 5, 2011. ECF 12-1.

The ALJ also rejected the RFC Assessment of Dr. Absalom Tilley. (Tr. 654-657). The record evidence shows Plaintiff was treated by Dr. Tilley from September 10, 2004 through April 9, 2007. (Tr. 290-380). In his RFC Assessment, Dr. Tilley found Plaintiff had the RFC consistent with the ability to perform less than the full range of sedentary work. (Tr. 654-657). Dr. Tilley indicated Plaintiff's symptoms would constantly interfere with her attention and concentration needed to perform simple work related tasks. (Tr. 655). According to Dr. Tilley, Plaintiff was incapable of performing even low stress jobs. *Id.*

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Plaintiff's treating physicians. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 8th day of May 2012.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

9