IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALISA WALSH                                                        PLAINTIFF

vs.                                Civil No. 6:11-cv-06033

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 18.[1] Defendant has responded to this Motion and objects to Plaintiff's counsel's number of hours claimed and request that the fee be made directly payable to him. ECF No. 21. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson, referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Alisa Walsh ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On May 29, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 17.

On July 31, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 18. With this Motion, Plaintiff requests an award of attorney's fees of $7,551.74. *Id.* This amount represents 42.05 attorney hours in 2011 at an hourly rate of $168.75 and 2.55 attorney hours in 2012 at an hourly rate of $178.75. *Id.* Defendant responded to this Motion on

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

August 6, 2012 and objects to Plaintiff's counsel's requested number of hours claimed and that the fee be made directly payable to him.  ECF No. 21.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift

2

to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 17. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 21. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $7,551.74 under the EAJA. ECF No. 18. Plaintiff requests these fees at a rate of $168.75 for work performed in 2011 and 178.75 for work performed in 2012. *Id.* Defendant does not object to this hourly rate. ECF No. 21. An increased hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") is submitted. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. This Court finds these hourly rates for attorney work performed is proper and awards Plaintiff this amount.

Defendant objects to Plaintiff's fee request because Plaintiff is asking to be compensated for

work performed that is excessive or duplicative work already performed.  ECF No. 21.  Defendant objects to Plaintiff's request of 22.50 hours spent for reviewing the administrative transcript as excessive.  *Id.*  Defendant does not state why this request is excessive or what number of hours for transcript review would be reasonable.  Given the transcript in this matter exceeded 800 pages, the lack of specific objections to the claimed review, **and** Defendant's lack of specificity regarding a reasonable amount of time to review an 800 page transcript,  the Court does not find the number hours claimed for transcript review excessive..

Defendant also objects to Plaintiff's request for time in requesting two extensions to file the appeal brief.  ECF No. 21, Pg. 2-3.  This Court agrees this objection is proper and finds Plaintiff's request for .30 attorney hours for these tasks as excessive.

Defendant also objects to some of Plaintiff's requested time as being duplicative.  ECF No. 21, Pg. 3.  According to Defendant, Plaintiff's counsel requests 1.00 hour for worked performed on September, 16 2011 for receipt and review of twenty-two (22) pages of documents from previous attorney.   Defendant states Plaintiff also requests compensation for the same work under a multiple-task request for 0.75 hours of compensation for "Re-review of additional information provided by previous attorney." *Id.*  This Court does not find this work to "duplcative" in that appears to be additional review of the same documents at a later date.

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $7,501.12 representing 41.75 attorney hours in 2011 at an hourly rate of $168.75 and 2.55 attorney hours in 2012 at an hourly rate of $178.75.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  ECF No. 21.  *Ratliff* requires that attorney's fees be

awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

### 4. Conclusion:

Based upon the foregoing, the Court recommends Plaintiff be awarded **$7,501.12,** in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **22nd day of August 2012.**

       /s/   Barry A. Bryant
       HON. BARRY A. BRYANT
       U.S. MAGISTRATE JUDGE