IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALISA WALSH                                                                                           PLAINTIFF

vs.                                          Civil No. 6:11-cv-06033

CAROLYN W. COLVIN
Commissioner, Social Security Administration                                          DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  ECF No. 24.  This Motion and the supporting documentation were filed on January 23, 2015.  *Id.*  On January 30, 2015, Defendant responded to Plaintiff's Motion and had no objections.  ECF No. 26.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's Motion be **GRANTED.**

1.      **Background**

On May 10, 2011, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On May 29, 2012, Plaintiff's case was remanded to the SSA for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) (2006).  ECF No. 17.  On November 20, 2012, Plaintiff was awarded disability benefits by the SSA.  ECF No. 24-4.  Based upon the award letter and the representations made by Plaintiff's attorney, Plaintiff's past-due benefits total approximately $73,794.00.  ECF No. 24-5, 24-6,

24-7.

Of that amount, Plaintiff requests $12,448.50 be awarded in attorney's fees. ECF No. 24. This amount totals 25 percent of the past-due benefits awarded to Plaintiff after a reduction of $6,000.00 for work performed at the administrative level. *Id.* Based upon this Motion, Plaintiff's attorney seeks this amount for 44.30 hours of work devoted to the representation of Plaintiff before the district court. ECF Nos. 24-1. Plaintiff's attorney has also filed his contingency fee agreement with Plaintiff reflecting their agreement that he receive a 25 percent contingency fee if Plaintiff is awarded benefits after an appeal to the district court. ECF No. 24-3. Defendant has responded to this Motion and does not oppose this request for fees. ECF No. 26.

2.  **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB. *See id.* However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI. *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees

for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3. **Discussion:**

Based upon his motion, Plaintiff's attorney spent 44.30 hours of work devoted to the representation of Plaintiff before the district court. ECF Nos. 24-1. Plaintiff's attorney requests $12,448.50 in attorney's fees. ECF No. 24. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to 25 percent of past-due benefits or $18,448.50. After a reduction for work

performed at the administrative level which totaled $6,000.00, this amount is actually only $12,448.50.

The total request of $12,448.50 divided by the total number of hours requested of 44.30 for work performed before the district court equals an hourly rate of approximately $281.00. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and her attorney, this Court finds $281.00 is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. Therefore, this Court recommends the entire requested amount of $12,448.50 be awarded.

**4.    Conclusion:**

Pursuant to 42 U.S.C. § 406(b), the Court recommends the requested attorney's fees award in the amount of $12,448.50 be approved. This Court also recommends Plaintiff's attorney be directed to refund $7,501.12 to Plaintiff, which represents the court-awarded attorney fees previously paid to Plaintiff's attorney under the Equal Access to Justice Act ("EAJA").

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4th day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE